■ In the Matter of the Claim of IONE PIERCE, on Behalf of Herself and Children, Respondent, against GROLIER SOCIETY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from decision and award of the Workmen's Compensation Board in a death case. The employer, a publisher of encyclopedias, as part of its program, financed sales by an installment contract and employed collectors — of which decedent was one — to investigate and collect delinquent accounts. The automobile accident, resulting in decedent's death, happened in the

City of Lackawanna, within his designated territory. He was an outside employee, without regular hours, the record showing that on occasions he started work as early as seven o'clock in the morning and, likewise, worked late at night trying to contact customers in arrears. On the day of his death, decedent had advised his superior that after completing his work around the Buffalo area he was going to Fredonia and then to Jamestown, New York. It was further shown that one of the routes available to the decedent was through Lackawanna. While the accident happened about midnight, there was no evidence that the decedent was not in the course of his employment. Appellants contend the accident did not arise out of his employment but in pursuance of his own personal pleasure. The principal basis for such contention is the testimony of several witnesses who observed the manner of the operation of the automobile of decedent within the City of Lackawanna immediately prior to the accident. The testimony briefly summarized that the automobile zigzagged across the road in an erratic and most unusual manner. There was no direct evidence of intoxication of decedent only opinions expressed by witnesses based on their observance of the movement of the automobile. Such evidence, at most, presented a question of fact for the determination of the board. From a reading of the complete record, we are satisfied that there was substantial evidence to sustain the finding of the board that the accident arose out of and in the course of the employment of the decedent and that intoxication was not the sole cause of the accident and subsequent death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.